```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATES OF AMERICA,                                   :
                                                            :    ORDER
                                                            :
          - against -                                       :    19-cr-381 (BMC)
                                                            :
                                                            :
MARTHA PATRICIA RENTERIA BELTRAN,                           :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X
```

Before me is defendant's motion for bond, including the release of her passport so that she can return to Mexico.[1] The impetus for the present request is the "immediate danger" posed by the current COVID-19 pandemic, a danger amplified by defendant's hypertension. Defendant represents that she will return to the United States to face prosecution once that danger has subsided. She further proposes that she be released on a $50,000 bond secured by her signature; that her travel would be restricted to just Tijuana and this District; and that she would report to Pretrial Services by phone on a weekly basis. The Government opposes the motion.

Pursuant to 18 U.S.C. § 3142(e)(1), a court shall require detention only if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In determining this question, courts are instructed to consider four factors: "(1) the nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person . . . (3) the history and characteristics of the person . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The

---

[1] Defendant waived a hearing on this motion.

Government has the burden of persuasion (by a preponderance of the evidence) at the initial hearing.  See United States v. English, 629 F.3d 311, 319 (2d Cir. 2011).

Once a defendant is subject to a detention order, a court may still permit her temporary release if it "determines such release to be . . . for [a] compelling reason." 18 U.S.C. § 3142(i). In addition, "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure [her] appearance," the court may reopen the hearing for a new determination.  18 U.S.C. § 3142(f)(2).

Upon consideration of the parties' submissions, I deny defendant's motion.  As an initial matter, I note that Magistrate Judge Tsuchida in the Western District of Washington had previously ordered defendant's detention after holding a hearing pursuant to 18 U.S.C. § 3142(f). In so ordering, that court found that "no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community."  Although at that time defendant apparently made no argument for her release and provided no personal, familial, employment, or financial information to that court, there is no apparent basis of undermining Magistrate Judge Tsuchida's detention determination at this point.  And defendant gives me no reason to believe that she now possesses new, material information that would justify reopening the previous hearing.

Moreover, even if I were making an initial detention determination, the Government would have met its burden of proving that no conditions of confinement could reasonably ensure defendant's return.  First, she is a citizen of Mexico who has never lived in the United States. Second, she is accused of laundering money on behalf of drug traffickers in Mexico, a serious crime evidencing ties to people with both significant resources and compelling motives to

prevent defendant's reappearance for further court proceedings. If I were to allow defendant to return to Mexico – an unlikely allowance even for someone with ties to this District – there would be little, if anything, preventing her from evading prosecution. Finally, the evidence against defendant is apparently quite strong – the Government modestly concedes that it is "overwhelming" – as even defendant admits that "the government has provided discovery that appears to link [her] to these transactions." Of course, none of the foregoing negates the presumption of innocence afforded to all criminal defendants, but the Government surely has met its burden.

Nor does the COVID-19 pandemic, coupled with defendant's hypertension condition, provide the sort of compelling reason that could support her pretrial release. Although, by virtue of her age and condition, defendant was entitled to self-report herself to the MDC as an "at-risk" inmate (which she did), that does not present the sort of rare circumstance § 3142(i) envisions for a get-out-of-jail-free card. Defendant makes no claim that she is presently infirm or that her not-uncommon health condition is of a special breed that renders her more susceptible to the disease or its effects. She offers only vague speculation at this point; if the circumstances of her health should materially change, this Order will not prejudice her ability to renew the motion.

In addition, although defendant's hypertension may increase her risk of infection, and being in custody increases it further, I am not convinced that her risk is materially reduced in Tijuana, which appears to be having increasingly serious problems with the virus. It is impossible for me to determine if there is some increased risk for keeping her in confinement here as opposed to restricting her to Tijuana, and if so, whether the marginal increase is significant.[2]

---

[2] See Laura Acevedo, *Coronavirus Cases on the rise in Tijuana*, San Diego News, April 13, 2020, https://www.10news.com/news/local-news/covid-19-cases-on-the-rise-in-tijuana; Matthew Bowler & Max Rivlin-Nadler,

After considering the various factors involved, I conclude that the risk defendant faces by remaining in custody does not present the "compelling reason" necessary to permit her release. Nor do I believe that defendant's proposed bail package could reasonably assure her appearance at further court proceedings.

**SO ORDERED.**

                                                                       _____
                                                                                         U.S.D.J.

Dated: Brooklyn, New York
           May 2, 2020

---

*Tijuana Runs Low on Ventilators as COVID-19 Cases Continue to Rise*, Apr. 24, 2020, https://www.kpbs.org/news/2020/apr/24/tijuana-runs-low-ventilators-covid-19-cases-contin/; Salvador Rivera, *COVID-19 More Lethal in Tijuana than Sister City San Diego*, Border Report, Apr. 28, 2020, https://www.borderreport.com/regions/california/covid-19-more-lethal-in-tijuana-than-sister-city-san-diego/.  I am not relying on these articles, but they illustrate that I have no way of knowing whether her risks would be materially less in Tijuana.

4